UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VELTRI METAL PRODUCTS, INC.

        Debtor,

KEMP, KLEIN, UMPHREY,
ENDELMAN & MAY, Counsel for
Unsecured Creditor's Committee,

        Appellant,                                           Civil No. 05-70471
                                                                        Hon. John Feikens
        v.

BANKRUPTCY ESTATE OF VELTRI
METAL PRODUCTS, INC.

        Appellee.

_____/

**OPINION AND ORDER**

       Kemp, Klein, Umpherey, Endelman & May ("Kemp") appeals the bankruptcy court's

order denying its fee application and that court's order denying Appellant's motion for

reconsideration.  I hold that the bankruptcy court properly reached its decision and I AFFIRM

the bankruptcy court's order denying Appellant's fee application.

**I.  ISSUES ON APPEAL**

       The issues are: (i) whether the bankruptcy court applied the correct legal standard in

deciding Appellant's motion; (ii) whether the bankruptcy court inappropriately applied a

different standard; (iii) whether the bankruptcy court applied that standard in a manner which

was inconsistent with the standard applied to other professionals; and (iv) whether the

bankruptcy court made incorrect factual findings which affect its decision.

## II.  JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear this appeal from the bankruptcy court's final order.  28 U.S.C. § 158(a).  This Court reviews the bankruptcy court's conclusions of law de novo, and findings of fact for clear error.  Mapother & Mapother, P.S.C. v. Cooper, 103 F.3d 472 (6th Cir. 1996); XL/Datacomp, Inc. v. John R. Wilson, 16 F.3d 1443, 1447 (6th Cir. 1994).  "The bankruptcy court's determination regarding the reasonableness of fees involves factual findings, subject to review under the clearly erroneous standard."  First Bank of Ohio v. Brunswick Apts of Trumbull County Ltd., 215 B.R. 520, 522 (6th Cir. 1998) (citations omitted).

## III.  FACTUAL BACKGROUND

This appeal arises out of a part of a Veltri Metal Products, Inc.'s ("Veltri") bankruptcy proceedings.  (Appeal at 6.)  On January 29, 2004, the Official Creditors' Committee in Veltri's bankruptcy proceedings retained Appellant as counsel.  (Appeal at 8-9.)

Appellant submitted a fee application to the bankruptcy court and on December 16, 2004, the bankruptcy court denied Kemp's fee application.  Veltri Metal Products Inc., No. 04-40993-R, slip op. at 2 (E.D. Mich. Bankr. Dec. 16, 2004) (order denying fee application of counsel for creditors' committee).  That court held that:

> Pursuant to 11 U.S.C. § 330(a)(4)(A), the Court is required to consider whether the services were reasonably likely to benefit the debtor's estate.  However, in the present case the record does not justify such a finding.  In this chapter 11 proceeding, there has been and will be no distribution to the unsecured creditors, nor does it appear that there ever was a reasonable likelihood of distribution. [...] Accordingly, the fee application filed by counsel for the creditors' committee is denied without prejudice to file an application for fees identifying specifically the services rendered in investigating preferences and fraudulent conveyances.

Id. at 1.

Appellant filed a motion for reconsideration and on January 26, 2005, the bankruptcy

2

court denied Appellant's motion.  Veltri Metal Products Inc., No. 04-40993-R, slip op. at 1 (E.D.

Mich. Bankr. Jan. 26, 2004) (order denying motion for reconsideration).  The bankruptcy court

held that Appellant was unable to demonstrate that its services:

> were necessary to the administration of the estate or reasonably likely to benefit
> the estate.  The record firmly establishes that throughout this case, the assets were
> of insufficient value for the unsecured creditors to reasonably expect any
> dividend, with the potential exception of preferences and fraudulent conveyances.
> [...] [T]he Court implicitly invited the applicant to identify specifically the
> services and hours relating to the preferences and fraudulent conveyances;
> however, the applicant did not accept that invitation in its motion for
> reconsideration.

Id. at 1-2.

On appeal, Appellant challenges the bankruptcy court's disallowance of the entire

amount of attorney compensation.[1]  (Appeal at 1.)

## IV.  ANALYSIS

### 1.  *Applicable United States Code Sections*

A bankruptcy court may award attorneys' fees to creditors' committee's counsel.  11

U.S.C. §§ 330(a)(1), 1102 and 1103.  However, a court may decide to award to counsel an

_____

[1]  Appellant misconstrues the bankruptcy court's orders stating that "[t]he bankruptcy
court concluded it was only Appellant whose fees should be denied, in their entirety [...]."
(Appeal at 1.)  This is not true.  The bankruptcy court clearly stated that its denial of Appellant's
fee application was "without prejudice to the applicant's right to file an application for fees
identifying specifically the services rendered in investigating preferences and fraudulent
conveyances."  Veltri Metal Products Inc., No. 04-40993-R, slip op. at 2 (E.D. Mich. Bankr.
Dec. 16, 2004).  The bankruptcy court clearly permitted Appellants an avenue to recover for
services rendered in investigating preferences and fraudulent conveyances.  I note that Appellant
decided not to pursue recovery for those services.
I only address whether Appellant may recover for that rest of Appellant's services which
were not related to investigating preferences and fraudulent conveyances.  I do not address
whether Appellant may recover for the preferences and fraudulent conveyance services as that
issue is not before this Court, because Appellant decided not to submit to the bankruptcy court
an application for fees identifying these services.

amount which is less than the requested compensation.  11 U.S.C. § 330(2).  A court which

decides to award attorneys' fees "shall consider the nature, the extent, and the value of such

services, taking into account all relevant factors" including the time the attorneys spent on

rendering such services and the rates that they charged.  11 U.S.C. § 330(3)(A).  Furthermore, a

court should also consider "whether the services were necessary to the administration of, or

beneficial at the time at which the service was rendered toward the completion of, a case under

this title[.]"  11 U.S.C. § 330(3)(A)(A).[2]  A court shall not allow compensation for "unnecessary

duplicative services," those services that were not "reasonably likely to benefit the debtor's

estate or services that were not necessary to the administration of the case."  11 U.S.C. §

330(4)(A).

### 2. The Bankruptcy Court's Application of the Legal Standard and Factual Findings

Appellant requests that this Court reverse the bankruptcy court's order because Appellant

alleges that "the bankruptcy court applied the wrong legal standard to Appellant[.]" (Appeal at

2.)  Specifically, Appellant argues that

> The bankruptcy court erred by finding that all of the services performed by
> Appellant were neither "necessary to the administration of the case", nor
> "reasonably likely to benefit the debtor's estate", though Appellant, was
> responsible for preserving several million dollars of preference actions for the
> Debtor's estate and assisted the statutorily required Creditor's Committee in
> performing its statutorily required duties under the Bankruptcy Code.

(Appeal at 2.)

I note that Appellant has begun its argument by grossly misstating the bankruptcy court's

clear orders.  As stated above, the bankruptcy court did permit Appellant an opportunity to

_____

[2]  Reproduced as in the original.

4

recover for its services regarding preferences.  Veltri Metal Products Inc., No. 04-40993-R (E.D.
Mich. Bankr. Dec. 16, 2004); Veltri Metal Products Inc., No. 04-40993-R, slip op. at 1 (E.D.
Mich. Bankr. Jan. 26, 2004).  Therefore, Appellant's argument is in part moot.

I only address the remainder of Appellant's argument that "[t]he bankruptcy court erred"
when it found that Appellant's services assisting the "Creditor's Committee in performing its
statutorily required duties under the Bankruptcy Code" were neither "'necessary to the
administration of the case', nor 'reasonably likely to benefit the debtor's estate."  (Appeal at 2.)

I hold that the bankruptcy court properly applied the correct legal standard.  The court
properly applied 11 U.S.C. § 330(a)(4)(A), and analyzing Appellant's services in the light of
whether those services "were reasonably likely to benefit the debtor's estate."  Veltri Metal
Products Inc., No. 04-40993-R (E.D. Mich. Bankr. Dec. 16, 2004).  Furthermore, in its order
denying Appellant's motion for reconsideration the court again applied the correct legal standard
stating that upon review Appellant's services were not "necessary to the administration of the
estate or reasonably likely to benefit the estate."  Veltri Metal Products Inc., No. 04-40993-R,
slip op. at 1 (E.D. Mich. Bankr. Jan. 26, 2004).  Having found that the bankruptcy court applied
the correct legal standard I now proceed to determine whether the bankruptcy court's factual
findings were clearly erroneous.  First Bank of Ohio, 215 B.R. at 522.

A district court explained that an attorney requesting attorney's fees:

> must show affirmatively that he has made a contribution to the objectives of the
> proceeding and establish the value of his services.  The mere participation in a
> reorganization proceeding does not create a right to compensation.  Thus,
> attendance at hearings, examination of papers, the mere giving of advice,
> criticism and suggestions are not matters that in and of themselves establish a
> basis for compensation.

In the Matter of R. Hoe & Co., Inc., 471 F.Supp. 493, 501 (S.D.N.Y. 1979).  Appellant recounts

a laundry list of actions for this Court to review. However, after reviewing this extensive list of services I hold that the bankruptcy court's factual findings were not clearly erroneous.

Appellant twice admits that it pursued actions despite the fact that "the prospect for recovery was limited[,]" and despite the fact that there was only "a limited prospect of the sale generating a dividend [to unsecured creditor]." (Appeal at 20, 23; see *In re* Auto Parts Club, Inc., 211 B.R. 29, 31 Bankr. Ct. Dec. (CRR) 161 (B.A.P. 9th Cir. 1997).)[3] These comments demonstrate that Appellant's services that were not "reasonably likely to benefit the debtor's estate." 11 U.S.C. §§ 330(4)(A).

Appellant claims its services all fall within the bankruptcy code's section which outlines the creditor's committee's powers. (Appeal at 23-6.) Appellant only attempts to explain how a few of these actions were necessary or beneficial. 11 U.S.C. §§ 330(3)(A)(A). For example, Appellant states that it reviewed pleadings which were being conducted in Canada, and

_____

[3] An unsecured creditors' committee counsel request for fees in a Chapter 11 case was held to be neither reasonable or necessary, in light of the law firm's failure to scale back services once it realized that the unsecured creditors would not receive a distribution. *In re* Auto Parts Club, Inc., 211 B.R. 29, 31 (B.A.P. 9th Cir. 1997). The Bankruptcy Appeals Panel for the Ninth Circuit held that the firm's argument that it believed the debtor could have reorganized "completely missed the point." Id. at 34. Although it may have been true that "the debtor may have had some chance of a successful reorganization, the debtor [...] and the Committee agreed to sell the debtor's assets rather than reorganize." Id. at 34. The bankruptcy court reduced the attorney's fees because the firm "did not scale back on its services once the decision had been made to sell the debtor's assets, especially in light of the fact that it was unlikely that unsecured creditors would receive a distribution even at the highest possible price[.]" Id. at 34.

Similarly, Appellant admits that it continued to generate services despite the reality that "the prospect for recovery was limited." (Appeal at 20.) Yet, Appellant goes to great lengths to demonstrate the amount of work that it performed despite this limited prospect for the unsecured creditors to recover. In light of *In re* Auto Parts Club, Inc., I note that an entirely independent basis for justifying the bankruptcy court's decision is Appellant's failure to reduce those services that it did perform after confronted with the admitted reality that the unsecured creditors had little prospect of recovery from the debtor's estate. Id. at 31.

Appellant contends that those proceedings "could have an impact on the distribution in the U.S. chapter 11 case, or on its administration, as well as the U.S. chapter 11 asset sale." (Appeal at 24.) This claim ignores that the code's requirement that a court not award compensation for services that were not reasonably likely to benefit the debtor's estate." 11 U.S.C. §§ 330(4)(A). Appellant's own assertion is premised on mere possibility, this possibility that Appellant's actions could benefit the debtor's estate is not sufficient for Appellant to receive compensation. Having reviewed Appellant's brief, I find that this along with Appellant's other explanations for its actions are insufficient to demonstrate that Appellant's actions were clearly necessary or clearly provided a benefit to the debtor's estate. Therefore, the bankruptcy court's findings that this and Appellant's other services were not reasonably likely to benefit the debtor's estate are not clearly erroneous.

Furthermore, as most of these actions fall within the duties, responsibilities and powers of the creditor's committee, Appellant offers no showing that these services should or could not have been actually performed by the creditor's committee. Appellant seeks compensation for actions which clearly did not require legal counsel such as organizing the committee's meetings. (Appeal at 24.)

Therefore, I hold that the bankruptcy court's factual findings were not clearly erroneous.

### 3.  Appellant's Claim that the Bankruptcy Court Impermissibly Applied a "No Dividend/No Fee Rule"

Appellant claims that the bankruptcy court applied what it refers to as a "No Dividend/No Fee" rule in deciding whether to award Appellant compensation and that such a rule is unfairly applied only to it. (Appeal at 26.) Appellant defines this as a rule which denied Appellant's request for fees in its entirety based on the grounds that the bankruptcy court may

7

not approve attorney's fees without a distribution or the reasonable likelihood of distribution to unsecured creditors, despite Appellant's work which was necessary to represent the interest of the creditor's committee.  (Appeal at 26.)

Appellant's argument has three problems.  First, I again note that the bankruptcy court did not deny Appellant's request for fees in its entirety.  <u>Veltri Metal Products Inc.</u>, No. 04-40993-R (E.D. Mich. Bankr. Dec. 16, 2004).  Therefore, using Appellant's own definition of a "No Dividend/No Fee" rule, the bankruptcy court employed no such rule.

Second, Appellant argues that the rule as applied is incorrect if the bankruptcy court finds that there is no "reasonable likelihood of distribution."  To the extent that such a rule reflects 11 U.S.C. §§ 330(4)(A) requiring that a court not award attorney's fees where the attorney's services are not "reasonably likely to benefit the debtor's estate[,]" such a rule is proper.  The bankruptcy code requires that a court not reward attorneys who do not heed the bankruptcy code's call for moderation in generating legal services.

Lastly, as stated above, Appellant's services were not necessary to represent the interest of the creditor's committee.  The bankruptcy court's findings were not clearly erroneous in concluding that Appellant's services were not necessary.  Therefore, even if such a "No Dividend/No Fee" rule is inappropriate as the bankruptcy court applied it, Appellant does not demonstrate that it performed necessary actions worthy of compensation.

Therefore, I hold that Appellant's argument regarding the bankruptcy court's use and application of a "No Dividend/No Fee" rule is unconvincing.

### 4.  Whether the Bankruptcy Court Applied Inconsistent Standards

Appellant contends that the bankruptcy court applied inconsistent standards in

determining whether Appellant and Debtor's counsel, financial advisor and investment banker were entitled to fees and expenses.  (Appeal at 30.)

Appellants cite *In re* American Int'l Airways, Inc., 69 B.R. 396 (Bankr. E.D. Pa. 1987), for the proposition that, according to Appellant, "using different legal standards also violated the law of the case doctrine which requires uniform application of law to discrete factual situations in a given case."  (Appeal at 31.)  In that case the court held that it should apply the same standard of reviewing an accountant's fee application as it applies to an attorney's fee application.  Id. at 400.

Appellant offers no evidence that the bankruptcy court applied two different legal standards.  Rather Appellant only complains that it was not compensated for performing the exact same actions or similar actions that other parties performed.  (Appeal at 31.)  The bankruptcy code states that a court shall not allow compensation for "unnecessary duplicative services[.]"  11 U.S.C. §§ 330(4)(A).  One court aptly explained:

> [T]he estate should not bear the burden of duplication or multiplication of services.  The fact that several may espouse the same cause does not permit an increase in the aggregate allowance, for the estate is to be charged "only one fee for particular services, regardless of the number of (persons) involved in performing that service."  Nor should compensation be allowed for services rendered which were inept unnecessary or wasteful.

In the Matter of R. Hoe & Co., Inc., 471 F.Supp. 493, 501 (S.D.N.Y. 1979).

As an example, the bankruptcy court's factual findings that disallowed Appellant compensation for attending "those same meetings, meeting those same professionals[,]" as the members of the creditor's committee, (Appeal at 31) is reflective of this statutory obligation to disallow compensation for services that are duplicative.  Furthermore, Appellant has not demonstrated that their attendance or their meetings was necessary and productive.  Similar to

9

this example, Appellant fails to show that its other services were necessary, productive and not duplicative.  Therefore, Appellant fails to show that the bankruptcy court's finding to the contrary was clearly erroneous.

Because Appellant has not demonstrated that its actions were necessary and not duplicative, I hold that Appellant's argument regarding the bankruptcy court's application of inconsistent standards is unconvincing.

### 5. The Bankruptcy Court's Reliance on Its Factual Finding of No Reasonable Expectation of Dividends for Unsecured Creditors.

Appellant argues that the bankruptcy court's order is inappropriately based on the court's finding that "there has been and will be no distribution to the unsecured creditors, nor does it appear that there ever was a reasonable likelihood of a distribution." (Appeal at 32; Veltri Metal Products Inc., No. 04-40993-R, slip op. at 1 (E.D. Mich. Bankr. Dec. 16, 2004).)  This argument is difficult to understand given that Appellant actually admits that "the prospect for recovery was limited[,]" and there was only "a limited prospect of the sale generating a dividend [to an unsecured creditor]."  (Appeal at 20, 23.)  However, Appellant maintains that the court's factual findings on this issue were inconsistent and clearly erroneous.

In light of Appellant's admission, I hold that the bankruptcy court's findings regarding Appellant's fee application were not clearly erroneous.  I also hold that Appellant does not demonstrate that its services were necessary.  Therefore, even if the bankruptcy court was clearly erroneous in finding that there never was a reasonable likelihood of distribution to the unsecured creditors, Appellant's argument is moot as the bankruptcy court's decision was proper on other grounds.

Thus, I AFFIRM the bankruptcy court's order denying fee application of counsel for

10

creditors' committee and order denying motion for reconsideration.

**V.  CONCLUSION**

      Having found that the bankruptcy court's findings of law were appropriate and that the court's factual findings were not clearly erroneous, I AFFIRM the bankruptcy court's order denying fee application of counsel for creditors' committee and order denying motion for reconsideration.

      **IT IS SO ORDERED.**

                                    s/ John Feikens
                                    John Feikens
                                    United States District Judge

Date: May 26, 2005

PROOF OF SERVICE

I hereby certify that a copy of the foregoing Order was served on the attorneys and/or parties of record on May 26, 2005, by electronic means or first class U.S. Mail.

                    s/Carol Cohron
                    Case Manager
                    Honorable John Feikens